```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

WILLIAM ASKEW,                       :
     Petitioner,                     :
                                     :        PRISONER
V.                                   :   Case No. 3:08-CV-384 (RNC)
                                     :
CHARLES LEE,                         :
     Respondent.                     :
```

### RULING AND ORDER

Petitioner, a Connecticut inmate proceeding pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the ground that the action is barred by the one-year statute of limitations provided by 28 U.S.C. § 2244(d). I agree that the action is time-barred and therefore grant the motion to dismiss.

### I. Background

Following a jury trial in Connecticut Superior Court in 1997, petitioner was convicted of two counts of robbery in the first degree and sentenced to prison for twenty years. He appealed on the grounds that the evidence was insufficient to prove guilt beyond a reasonable doubt and an out-of-court identification procedure denied him due process. The Appellate Court affirmed, State v. Askew, 55 Conn. App. 34, 739 A.2d 274 (1999), and the Supreme Court denied certification to appeal. State v. Askew, 251 Conn. 918, 740 A.2d 866 (1999). Petitioner did not seek certiorari from the United States Supreme Court.

1

On June 5, 2000,[1] petitioner filed a petition for a writ of habeas corpus in Connecticut Superior Court claiming that he was convicted in violation of his Sixth Amendment right to effective assistance of counsel.  The petition was denied on September 13, 2005.  Askew v. Warden-Cheshire, No. CV00-0440730, 2005 WL 2650086 (Conn. Super. Ct. Sept. 13, 2005).  The Appellate Court dismissed petitioner's appeal on December 26, 2006, Askew v. Comm'r of Corr., 98 Conn. App. 907, 911 A.2d 1162 (2006), and the Supreme Court denied certification to appeal on March 27, 2007.  Askew v. Comm'r of Corr., 282 Conn. 902, 919 A.2d 1037 (2007).  Petitioner filed this petition on February 26, 2008.[2]

II.  Discussion

Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner must file a federal habeas petition within one year of the date on which the state judgment became final by conclusion of direct review or the expiration of the time for seeking such review.  In this case, the one-year period began to run on February 1, 2000, when the ninety-day period for filing for a writ of certiorari from the United States Supreme Court expired.  See Williams v. Artuz,

---

[1] This is the date of petitioner's signature on the petition, which is presumed to be the date he gave the petition to prison officials for mailing.

[2] This is the date of petitioner's signature on his motion for appointment of counsel, which accompanied his unsigned petition, and is presumed to be the date he gave both documents to prison officials for mailing.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993).

2

237 F.3d 147, 151 (2d Cir. 2001)(state conviction becomes final for purposes of AEDPA when the time for seeking a writ of certiorari to the U.S. Supreme Court expires).

One-hundred twenty-five days passed before petitioner filed his habeas petition in Connecticut Superior Court on June 5, 2000.  The filing of the state habeas petition prevented the one-year period from continuing to run while the petition remained pending.  See 28 U.S.C. § 2244(d)(2).  The one-year period began to run again on March 27, 2007, after the Connecticut Supreme Court denied certification to appeal because, as of that date, the petition was no longer pending.  Three-hundred thirty-five days elapsed before petitioner filed this federal petition on February 26, 2008.  This was ninety-five days beyond the one-year permitted by the statute.

Petitioner argues that once he filed his state habeas petition, the one-year period for filing a federal habeas petition did not begin to run again until the expiration of the ninety-day period during which he could have filed a petition for a writ of certiorari from the U.S. Supreme Court.  But the ninety-day period for filing a certiorari petition after the denial of a state habeas petition does count toward the running of the one-year period provided by the statute of limitations. See Smaldone v. Senkowski, 273 F.3d 133, 137-38 (2d Cir. 2001); see also Lawrence v. Florida, 549 U.S. 327, 329, 334(2007)(habeas

petition is not "pending" for purposes of 28 U.S.C. § 2244(d)(2) when state courts have entered a final judgment but a petition for certiorari has been filed in U.S. Supreme Court).

Petitioner urges that his failure to file a timely petition should be excused because, once he became aware of the one-year filing deadline, he did his best to comply with it.  To obtain equitable tolling, petitioner must demonstrate that he was prevented from filing a timely petition due to "extraordinary circumstances."  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner's pro se status and lack of access to legal materials and legal assistance do not constitute extraordianry circumstances justifying equitable tolling.  See, e.g., Ayala v. Miller, No. 03 CV 3289(JG), 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004)("Neither a prisoner's pro se status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations."); United States v. Delgado, Nos. 00 Civ. 2376 & 00 Civ. 2465(JFK), 2003 WL 21219850, at *2 (S.D.N.Y. May 22, 2003)("A lack of access to legal resources is not . . . considered an extraordinary circumstance."); Martinez v. Kuhlmann, No. 99 Civ. 1094(MBM)(AJP), 1999 WL 1565177, at *5 (S.D.N.Y. Dec. 3, 1999)("[D]ifficulty obtaining assistance in legal research from other prisoners or prison staff, is not sufficiently extraordinary to merit equitably tolling the AEDPA's one-year statute of limitations, since these are disabilities

4

common to many prisoners.").

III. Conclusion

Accordingly, the motion to dismiss the petition as time-barred is hereby granted.

So ordered this 21st day of February 2009.

<pre>
                              /s/ RNC
                         Robert N. Chatigny
                    United States District Judge
</pre>